A. SCHRADER'S SON, Inc., v. PROTEX MFG. CO.

(District Court, N. D. Illinois, E. D.    November 7, 1918.)

No. 1064.

PATENTS ⬠328—VALIDITY AND INFRINGEMENT—AUTOMOBILE TIRE PRESSURE GAGE.

Preliminary injunction granted against infringement of the Twitchell patent, No. 927,298, for an automobile tire pressure gage.

In Equity. Suit by A. Schrader's Son, Incorporated, against the Protex Manufacturing Company. On motion for preliminary injunction. Granted.

McGill & Maguire, of Washington, D. C., and Otto R. Barnett, of Chicago, Ill., for plaintiff.

Frank H. Drury, of Chicago, Ill., for defendant.

SANBORN, District Judge. This is a motion for temporary injunction to prevent infringement of the Twitchell patent, No. 927,298, issued July 6, 1909, on a gage for testing the pressure in automobile tires. This is the gage in general use, well known to the public. The nipple of the inner tube valve is screwed off. The gage has a slip over coupling and anvil to co-operate with the inner valve stem and open the valve, so that the pressure operates to compress the gage spring

and push out the cylinder beyond the top of the gage, on which the pressure may be read.

The motion for a temporary injunction should be granted. There is no question of the validity of the patent which has been several times adjudicated, and whose validity has been acquiesced in by the public almost universally. The sale of gages under the patent has been enormous, substantially as great as the sale of automobiles in this country. All the prior art set up by the defendant has been cited in the prior litigation on this patent. In that litigation 123 prior patents and 8 prior publications have been referred to. The Suiter English patent, upon which correspondence was had with the parties, was cited in prior litigation, and did not contain the slip-on feature, which is an essentially important element of the invention.

I have no hesitation in granting a temporary injunction.

---

## THE OLGA.

### (District Court, E. D. New York. December 12, 1918.)

1. ADMIRALTY ⬅=⇒66—LIBEL—AMENDMENT.

Where the libel of one-fourth interest in a steamer failed to show that libelant was the holder of the legal title, an amendment so showing should be allowed, where libelant asserted he intended to plead a legal title, and it appeared that in the event of dismissal libelant would have great difficulty in enforcing his rights.

2. ADMIRALTY ⬅=⇒8—JURISDICTION—RELIEF TO MINORITY OWNER.

In view of the protection which a court of admiralty will accord the rights of a minority owner in the event of a dispute as to the employment of the vessel, a court of admiralty has jurisdiction to protect the rights of such an owner, where the majority owners intend to sell the vessel, and may enjoin them from transferring title unless a bond be given that will insure the minority owner will receive his share of the proceeds.

In Admiralty. Libel by Emanuel Fostinis against the steamship Olga and others. On motion to vacate process against the steamer Olga. Motion denied.

John D. Stephanidis, of New York City (L. De Grove Potter and John M. Woolsey, both of New York City, of counsel), for libelant.

Bullowa & Bullowa, of New York City, for respondents.